FILED
09 FEB 19
U.S. DISTRICT
NORTHERN DIST. CALIF.

E-filing

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name  McIntosh,      Ronald      J.
           (Last)         (First)        (Initial)

3  Prisoner Number  12053-085

4  Mailing    Address  P.O. Box 8000; Marianna, FL 32447-8000

5

6  ====================================================================
   **UNITED STATES DISTRICT COURT**
7  **NORTHERN DISTRICT OF CALIFORNIA**

(PR)

8  RONALD J. McINTOSH,                        )
   (Enter the full name of plaintiff in this action.)  )
9                                             )
                                              )
10           vs.                       CV     )  Case No.
                                              )  (To be provided by the clerk of court)  09 0750
11  ERIC H. HOLDER, JR.,                      )
    ATTORNEY GENERAL, U.S. of A.,             )  **PETITION FOR A WRIT**
                                              )  **OF HABEAS CORPUS**
12  ATTORNEY GENERAL                          )
                                              )
13  STATE OF CALIFORNIA,                      )
                                              )
14  (Enter the full name of respondent(s) or jailor in this action)  )
                                              )
15

16  ====================================================================
                   **Read Comments Carefully Before Filling In**

17  When and Where to File

18          You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1 | Who to Name as Respondent

2 | You must name the person in whose actual custody you are. This usually means the Warden or

3 | jailer. Do not name the State of California, a city, a county or the superior court of the county in which

4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 | respondents.

6 | If you are not presently in custody pursuant to the state judgment against which you seek relief

7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 | custody you are now and the Attorney General of the state in which the judgment you seek to attack

9 | was entered.

10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11 | 1. What sentence are you challenging in this petition?

12 | (a) Name and location of court that imposed sentence (for example; Alameda

13 | County Superior Court, Oakland):

14 | <u>San Mateo County Superior Court</u>        <u>Redwood City, California</u>

15 | Court                               Location

16 | (b) Case number, if known ___SC-23606A_____

17 | (c) Date and terms of sentence <u>Life w/o possibility of parole</u>  (Feb. 20,1991)

18 | (d) Are you now in custody serving this term? (Custody means being in jail, on

19 | parole or probation, etc.)          Yes__x__    No_____

20 | Where?    Federal Bureau of Prisons

21 | Name of Institution: ___WITSEC_____

22 | Address: <u>320 First Street, NW</u>    (HOLC Building, Room 524)

23 | 2. For what crime were you given this sentence? (If your petition challenges a sentence for    (Washington, DC 20534)

24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 | challenging more than one sentence, you should file a different petition for each sentence.)

26 | Count 1) CPC § 187 with Spec. Circ. CPC § 190.2 - First Degree Murder

27 | Count 2) CPC § 182 Conspiracy to Murder

28 |

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1  3. Did you have any of the following?

2    Arraignment:                               Yes _X_   No _____

3    Preliminary Hearing:                       Yes _x_   No _____

4    Motion to Suppress:                        Yes _x_ . No _____

5  4. How did you plead?

6    Guilty _____   Not Guilty _x_   Nolo Contendere _____

7    Any other plea (specify) _____ N/A _____

8  5. If you went to trial, what kind of trial did you have?

9    Jury _X_    Judge alone _____   Judge alone on a transcript _____

10 6. Did you testify at your trial?              Yes _X_   No _____

11 7. Did you have an attorney at the following proceedings:

12   (a)  Arraignment                            Yes _X_   No _____

13   (b)  Preliminary hearing                    Yes _X_   No _____

14   (c)  Time of plea                           Yes _X_   No _____

15   (d)  Trial                                  Yes _X_   No _____

16   (e)  Sentencing                             Yes _X_   No _____

17   (f)  Appeal                                 Yes _X_   No _____

18   (g)  Other post-conviction proceeding       Yes _____ No _X_

19 8. Did you appeal your conviction?            Yes _x_   No _____

20   (a)  If you did, to what court(s) did you appeal?

21        Court of Appeal                        Yes _X_   No _____

22        Year: 1991   Result: Affiirmed

23        Supreme Court of California            Yes _x_   No _____

24        Year: 1992   Result: Cert. Denied

25        Any other court                        Yes _____ No _X_

26        Year: N/A    Result: N/A

27

28   (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1         petition?                 Yes _____     No X ___

2        (c)    Was there an opinion?         Yes _____    No X ___

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                Yes _____    No X ___

5             If you did, give the name of the court and the result:

6

7                                N/A

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?         Yes X     No_____

10         [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16        (a)     If you sought relief in any proceeding other than an appeal, answer the following

17                 questions for each proceeding. Attach extra paper if you need more space.

18              I.      Name of Court: San Mateo Superior Court

19                   Type of Proceeding: Habeas Corpus

20                   Grounds raised (Be brief but specific): Same as being raised herein.

21            a.   Government Suppressed Exulpatory Evidence

22            b.   Subornation of Perjury

23            c.   Witness Tampering

                   d.   Perjury, Vouching for Wintesses, & Known use of Perjury

24            e.   Prosecutor used Conflicting Theories

25            f.   Found Guilty by a Preponderance of the Evidence

26            g.   Hearsay Statements (Evidence)

27            h.   Juror Misconduct

              i.   Insufficient Evidence to Connect to Conspiracy

28

PET. FOR WRIT OF HAB. CORPUS     - 4 -

1       **j.**   Ineffective Assistance of Defense Counsel

2       **k.**   Ineffective Assistance of Appellant Counsel

3       **l.**   Had Suppressed Evidence Been Available out-come would
          have been different (not guilty)

4       **m.**  Cumulative Error

5       **n.**   Newly Discovered Evidence Requires an Evidentary Hearing

6       **o.**   Actual Innovence

7       **p.**   Abuse of Discretion by Lower Courts

8       Result: _Denied w/o hearing_     Date of Result: _07/27/2007_

9   **II.**  Name of Court: _Calif. Appells Court, 1st Dist._

10       Type of Proceeding: _Habeas Corpus_

11       Grounds raised (Be brief but specific):

12          Same as stated above and being raised herein.
13       a._____

14       Result: _Denied w/o hearing_     Date of Result: _03/13/2008_

15   **III.**  Name of Court: _Supreme Court of California_

16       Type of Proceeding: _Habeas Corpus_

17       Grounds raised (Be brief but specific):

18          Same as stated above and being raised herein.
      a._____

19       Result: _____ Date of Result:_____

20

21

22   (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                        Yes _____  No _X_

24       Name and location of court: _____ N/A

25 **B. GROUNDS FOR RELIEF**

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to

27 support each claim. For example, what legal right or privilege were you denied? What happened?

28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1   need more space.  Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One:   THE GOVERNMENT SUPPRESSED EXULPATORY EVIDENCE IN

6                       VIOLATION OF BRADY AND ITS PROGENY

7   Supporting Facts:   The government suppressed the fact that Younge

8   (hearsay witness) and Quartermain (the shooter) were long time

9   friends and done this same type of crime before, murders & extortions.

    That they had a history of pointing the finger at someone else when

10  it was to their advantage.  This suppression of evidence allowed

11  Younge to commit perjury, unchallenged.  The only witness (evidence)

12  that placed the defendant in the alleged conspiracy. (See Memorandum

13  and Attachments C, E, J, O.).

14

15

16

17  Claim Two:
            SUBORNATION OF PERJURY

18

19  Supporting Facts:  Witness Chandler, testified five times that it was a

20  drug deal, when Ewing was shot and killed, not a conspiracy to kill

21  Ewing.  But, at the defendant's trial she changed her testimony to:

22  She knew there was going to be a murder and she was paid to be there.

    When interviewed by private investigator, she said: "She didn't know

23  anything until the detectives told her the facts of the case."

24  (See Memorandum and Attachment C.)

25

26

27

28

Claim Three:       WITNESS TAMPERING

Supporting Facts:       Green would have been a defense witness, but San
Mateo detectives threatened him, after interviewing him.  Greene
would have established that prosecution witness, Younge, was lying,
about the defendant being at an alleged conspiracy meeting.
(See Memorandum and Attachment H.)

Claim Four:        PERJURY, VOUCHING FOR STATE WITNESSES, AND THE
                   KNOWN USE OF PERJURY BY THE PROSECUTOR

Supporting Facts:       Prosecution witness, Younge, committed perjury when
he testified that he had only known Quartermain (the shooter) since
1982.  Concealing their long term criminal association. Younge also
perjured himself regarding money.  FBI agent Langan vouched for
Younge's honesty, knowing Younge was lying.  The prosecutor knew of
Younge's and Quartermain's long term assocation.  The prosecutor
knew or should have known that Chandler was lying. (See Memorandum
and Attachments A, B, C, D, E, F, G, M, N, O, P.).

Claim Five:        THE PROSECUTOR USED CONFLICTING THEORIES

Supporting Facts:       At defendant's trial the prosecutor would have the
jury believe that everything Quartermain told Younge was the truth.
The jury never got to hear or see Quartermain, they only heard
alleged statements given by Quartermain to Younge.  Then Younge
testified to the alleged herarsay statements, Younge is a perjurer.
But, at Quartermain's trial, the same prosecutor said that
Quartermain is a liar and lying all the time (See Memorandum and
Attachment I.).

Claim Six:   THE COURT ERRED WHEN INSTRUCTING THE JURY NEED ONLY FIND
THE DEFENDANT GUILTY BY A PERPONDERANCE OF THE EVIDENCE, BIFURCATION
OF DEFENSE, CONFUSING & CONFLICTING, UNJOINED PERPETRATOR INSTRCUTIONS
Supporting Facts:

        The court instructed the jury that they only need find
find the defendant **guilty by** a **preponderance** of the evidence. Court
bifuracted the defense, by requiring the defense to prove that
prosecution witness, Younge, was a coconspirator, and allowed Younge's
uncorroborated hearsay testimony in. Court told the jury that all
coconspirators are guilty of **second** degree murder. Court told jury
need to determine if Younge coconspirator. Unjoined perpetrator
instruction removed the need to corroborate Younge's testimony.

Claim Seven:   THE COURT ERRED IN THE ADMISSIBILITY OF HEARSAY
                  STATEMENTS

Supporting Facts:   The court is required to determine before trial if
coconspirators out-ot-court hearsay statements can be introduced as
evidence.  But, in this case, the court allowed hearsay in, then
left it up to the jury to decide if the hearsay should be
corroborated.  In fact only the uncorroborated testimny of Younge
placed the defendant into any alleged conspiracy. (See Memoradum).


Claim Eight:   JUROR MISCONDUCT PREJUDICED THE JURY


Supporting Facts:   The jury foreman did his own out-side investigations,
interviews, and then brought his findings back to the jurors.   Then
if the juror did not agree with him he threatened each of the jurors
with personal bodily harm. (See Memoradum).

1

2   Claim Nine:        THERE IS INSUFFICIENT EVIDENCE TO CONNECT McINTOSH
                       TO ANY CONSPIRACY TO MURDER EWING
3

4   Supporting Facts:    The uncorroborated hearsay testimony of prosecution
5   wintess Younge, is the only evidence that places the defendant in
    any alledged conspiracy. (See Memoradum).
6

7

8

9

10

11   Claim Ten:         INEFFEDCIVE ASSISTANCE OF DEFENSE COUNSEL

12

13   Supporting Facts:    Defense counsel failed to investigate, or was
14   rendered ineffective by the government's suppression of excupatory
     evidence.
15

16

17

18

19

20   Claim Eleven:      INEFFECTIVE ASSISTANCE OF APPELLANT COUNSEL

21

22   Supporting Facts:    Appellant counsel failed to taise the issue of
     "guilty by a perponderance of the evidence".  A sure winner!
23   (See Memoradun, also see Memoradum, section VI.a.).

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 d -

1

2   Claim Twelve:     HAD THE SUPPRESSED EVIDENCE BEEN AVAILABLE TO THE
3                     DEFENSE THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE
                      TRIAL WOULD HAVE BEEN DIFFERENT
4   Supporting Facts:     The newly discovered evidence establish that it was
5   Younge and Quartermain who planned to kill Ewing, not the defendant.
6   That the government suppressed evidence; witness tampering; witness
7   subornation of perjury.  Without the subornation perjuried statements
    without the perjury, there was no crime, in which the defendant
8   participated.  (See Memoradum).

9

10

11  Claim Thirteen:   CUMULATIVE ERROR

12

13  Supporting Facts:     The number of errors in this case are numerous, in
14  the multiples of tens.  The petitioner has shown over 22 errors, of
15  which any one of them should be cause for this conviction to be
16  reversed.  But, when taken in their totality, reveresal is
    mandated.  (See Memoradum).

17

18

19

20  Claim Fourteen:   NEWLY DISCOVERED EVIDENCE REQUIRES AN EVIDENTIARY
                      HEARING
21

22  Supporting Facts:     Becasue there is question of material fact, which is
23  not in the record, an evidentiary hearing is required to determine if
    the evidence, which was suppressed, and unknow until this time,
24  would the outcome of the trial have been different. (See Memoradum).

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 e-

1

2      Claim Fifteen:   ACTUAL INNOCENCE

3

4      Supporting Facts:   To establish actual innocence in a conspiracy is
5      difficult.  But, never the less, it is true.  The prosecution
       witness, Younge, took a few facts, and then fabricated a store,
6      placing the defendant in the witness's place in the conspiracy.
7      It was the witness, Younge, who wanted Ewing kill, not the defendant.
8      The defendant was totally anaware of any plans to kill anyone, let
9      alone Ewing.  The newly discovered evidence establish this truth.
       (See Memoradum).
10

11     Claim  Sixteen:   ABUSE OF DISCRETION BY THE LOWER COURTS

12

13     Supporting Facts:   Petitioner is not educated in the law, but it is his
14     understanding that the lower courts should have held an evidentary
       hearing, which they failed to do.  (See Memoradum).
15

16

17

18

19

20

21

22

23     If any of these grounds was not previously presented to any other court, state briefly which

24     grounds were not presented and why:

25
                                            N/A;
26

27

28      •

PET. FOR WRIT OF HAB. CORPUS        - 6 f-

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    Brady v Maryland, (1963) 373 U.S. 83

5    Kyles v Whitley (1995) 514 U.S. 419

6    and numerous others See Memoradum in Support.

7    Do you have an attorney for this petition?                          Yes____        No_x_

8    If you do, give the name and address of your attorney:
                                        N/A
9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _Feb 16, 2009_              _K + M: Intat_

14              Date                              Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -



CRB

0750
(PR)

CV 09

Destinataire:

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA
450 GOLDEN GATE AVE
16th FLOOR
SAN FRANCISCO, CA 94102

Country of Destination:    Pays de destination:

Front    Expéditeur:

RM
12053-086
PO BX 8000
MARIANNA FL

INSPECTED BY

FEB 1 9 2009

U.S. MARSHALS SERVICE

Box

Use

PLY:

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

UNITED STATES POSTAGE     PITNEY BOWES
$ 000.000
02 1P
0004107436  FEB 17 2009
MAILED FROM ZIP CODE 32446

SFO
EMSPODIDC+
P

00
941

AGT: 007   TOTAL: 01061
AR: SFO AT 20:11   ORG: MOB: 01
LV: MOB AT 07:00   02/18/09

Con
at p
for d

```
DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611829054
Cashier ID: sprinka
Transaction Date: 02/19/2009
Payer Name: United States Treasury
-----------------------------------
WRIT OF HABEAS CORPUS
 For: ronald mcintosh
 Amount:       $5.00
-----------------------------------
CHECK
 Check/Money Order Num: 222135029754
 Amt Tendered: $5.00
-----------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00

crb


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```