E-filing



Ronald J. McIntosh, Pro Se.
Reg. No. 12053-086
P.O. Box 8000
Marianna, FL 32447-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ROANLD J. McINTOSH, | ) | |
|---|---|---|
| Petitioner, | ) Case No. | **(PR)** **CRB** |
| v. | ) | |
| ERIC H. HOLDER, JR.,<br>ATTORNEY GENERAL,<br>UNITED STATES OF AMERICA,<br>and<br>THE ATTORNEY GENERAL,<br>STATE OF CALIFORNIA. | )CV **09** | **0750** |
| Respondents. | ) | |

RELATED COURT ORDERS

TO

WRIT OF HABEAS CORPUS

**S163818**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RONALD J. MCINTOSH on Habeas Corpus

The motion to file the record under seal is denied.

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Werdegar, J., was absent and did not participate.

**SUPREME COURT**
**FILED**

FEB 1 1 2009

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice



COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### FIRST APPELLATE DISTRICT
### DIVISION FIVE

In re RONALD J. MCINTOSH on Habeas
Corpus.

A118888

San Mateo County No. C2360601

| Court of Appeal, First Apellate District |
| :---: |
| **FILED** |
| MAR **1 3** 2008 |
| Diana Herbert, Clerk |
| by _____ Deputy Clerk |

### BY THE COURT:*

The petition for writ of habeas corpus is denied. The petition lacks sufficient allegations to meet petitioner's burden of demonstrating the timeliness of the claims raised in the petition. (*In re Clark* (1993) 5 Cal.4th 750, 782-799; *In re Robbins* (1998) 18 Cal.4th 770, 780.) Additionally, Grounds 10, 11, 12, 13, 14, and 16 are barred by *In re Dixon* (1953) 41 Cal.2d 756, 759 and/or *In re Waltreus* (1965) 62 Cal.2d 218, 225, and Ground 15 is barred by *In re Lindley* (1947) 29 Cal.2d 709, 723. The court observes that many of petitioner's claims are conclusionary and therefore insufficient to demonstrate a prima facie case for relief. (*In re Swain* (1949) 34 Cal.2d 300, 303-304.)

The motion to seal record is denied, for want of a declaration containing facts sufficient to justify the sealing of the record in whole or in part. (See Cal. Rules of Court, rule 8.160(e)(2), (6), and (8); see also rule 2.550(d)-(e).) Pursuant to California Rules of Court, rule 8.160(e)(7), the Clerk of Division Five shall not place the lodged record in the case file, but shall instead return it to petitioner unless petitioner notifies the Clerk within forty (40) days of the date of this order that the record is to be publicly filed.

Dated: _MAR 1 3 2008_          **Jones, P.J.**          P.J.

\* Before Jones, P.J., Simons, J. and Needham, J.

**ENDORSED FILED**
SAN MATEO COUNTY

JUN **2 7** 2007

Clerk of the Superior Court
By C.R. Hernandez
DEPUTY CLERK

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8    IN AND FOR THE COUNTY OF SAN MATEO

9

10   In re:

11   RONALD J. MCINTOSH

12   On Habeas Corpus.

13

Case No. SC-23606A
HC-1796

**ORDER OF DENIAL**

14      The Court has received and reviewed the Motion for New

15   Trial and Motion to Seal the Record filed by the Petitioner,

16   Ronald J. McIntosh, on July 14, 2006. The Court has also

17   received and reviewed the People's Opposition to Motion for New

18   Trial, filed by the District Attorney on July 21, 2006, and the

19   Petitioner's Reply to the opposition, filed on August 18, 2006.

20   In conjunction with his Reply, the Petitioner also filed a

21   petition for writ of habeas corpus, alleging grounds similar to

22   those alleged in his motion.

23      Because a motion for a new trial must be made prior to

24   judgment, (Penal Code section 1182), the Court construed the

25   motion for new trial as a petition for writ of habeas corpus

26   and on August 22, 2006, issued an order granting additional

27   time to file documentation in support of the habeas petition.

28

1

1   On October 20, 2006, the Court received from the
2   Petitioner a Request for Appointment of Counsel and Declaration
3   of Indigency, which the Court denied on November 22, 2006 on
4   the grounds that the Court had not yet issued an order to show
5   cause.

6   On November 16, 2006, Alexandria C. Phillips filed on the
7   Petitioner's behalf a Motion for 90 Day Extension of Time to
8   (1) formally retain counsel and allow Ms. Phillips to
9   substitute into the case, (2) file amended pleadings and
10  additional evidence in support of the habeas petition, and (3)
11  appoint a private investigator to review and copy relevant
12  court records. Ms. Phillips stated that she was an attorney
13  representing the Petitioner on a pro bono basis. On November
14  22, 2006, the Court granted a 90-day extension and ordered that
15  private investigator Joseph A. Travers have access to the
16  Petitioner's court records.

17  The Petitioner filed additional affidavits in pro per on
18  November 21, 2006 and February 5, 2007. The February 5 filing
19  stated that Ms. Phillips would file pleadings on or about
20  February 19. The Court has never received amended pleadings
21  from Ms. Phillips. Because the extended deadline has passed,
22  the Court is now prepared to rule on the habeas petition in the
23  absence of those pleadings.

24  The grounds for relief alleged in the petition are that
25  newly discovered evidence raises claims that: (1) the
26  prosecution failed to produce exculpatory evidence in violation
27  of Brady v. Maryland (1963) 373 U.S. 83 and its progeny, (2)
28  government agents suborned perjury, tampered with witnesses,

2

1  and falsely vouched for a witness, concealing the Petitioner's
2  innocence, and (3) the prosecutor committed misconduct by
3  knowingly using perjured testimony and relying on
4  irreconcilable factual theories. He alleges that there is a
5  reasonable probability the outcome of the trial would have been
6  different had the evidence been available to the defense at the
7  time of trial.

9  **PROCEDURAL HISTORY**

10  On December 14, 1990, the Petitioner was found guilty by a
11  jury of violations of Penal Code sections 187(a), 190.2(a)(1),
12  and 190.2(b) (first degree murder with a special circumstance
13  of murder for financial gain) and of section 182 (conspiracy to
14  commit murder). He was sentenced to life without possibility of
15  parole on February 20, 1991. He timely appealed, and the First
16  District Court of Appeals affirmed the conviction on September
17  22, 1992. The California and United States Supreme Courts
18  denied review.

20  **FACTUAL ALLEGATIONS**

21  The Petitioner alleges that San Mateo County Detective
22  Mifflin Singleton approached prosecution witness Debra Chandler
23  before the trial and provided her with the facts to which she
24  would testify at trial. He has attached an affidavit from a
25  private investigator alleging that he interviewed Ms. Chandler
26  who told him, "I didn't know anything until the detectives told
27  me."

28

3

1   The Petitioner alleges that San Mateo County detectives
2   tampered with defense alibi witness Jim Green by threatening
3   Green with prosecution if he testified that the Petitioner was
4   with him at the time of a meeting related to the murder. The
5   Petitioner has attached an affidavit from a private
6   investigator alleging that he interviewed Mr. Green who told
7   him that detectives said that "if he showed up at McIntosh's
8   trial, he could have werious [sic] problems."

9   The Petitioner also alleges that his co-defendant Drax
10  Quartermain admitted to an acquaintance after the murder that
11  Quartermain and prosecution witness David Younge had conspired
12  to murder the victim in this case (Ronald Ewing) with the
13  intention of blackmailing the Petitioner and co-defendant
14  Michael Anthony. He has attached an affidavit from the
15  acquaintance, Carl Surrell, stating those facts.

16  The Petitioner also alleges that Mr. Younge committed a
17  number of major felonies that were known to federal
18  authorities, including perjury at another trial, but which were
19  not disclosed at trial. He has attached his own affidavit
20  making allegations as to the specific crimes. His affidavit is
21  based on interviews he has conducted over the years with other
22  federal prison inmates.

23  The Petitioner also alleges that FBI Special Agent Gary
24  Langan improperly vouched for Mr. Younge's credibility by
25  testifying that Mr. Younge had been a witness in several other
26  cases and that he knew of no instances of lying. The Petitioner
27  alleges in his affidavit that the FBI was aware of Mr. Younge's

28

4

1 | perjury in previous cases and stated in a 1982 memo that Mr.
2 | Younge is a liar and a perjurer.

3 | Finally, the Petitioner alleges that Mr. Younge committed
4 | perjury on several occasions during his testimony at trial and
5 | that the prosecution knowingly allowed the perjury.

7 | **DISCUSSION**

8 | In his petition, the Petitioner must state a prima facie
9 | case for relief, and should both (1) state fully and with
10 | particularity the facts upon which relief is sought and (2)
11 | include copies of reasonably available documentary evidence
12 | supporting the claim. (In re Duvall (1995) 9 Cal.4th 464, 474-
13 | 75.) Such proof must be neither conclusory nor speculative. (Id.
14 | at p. 474; In re Karis (1988) 46 Cal.3d 612, 656.)

15 | When a petition for writ of habeas corpus fails to reveal
16 | sufficient facts which, if true, would establish a prima facie
17 | case for relief, summary denial is appropriate. (In re Clark
18 | (1993) 5 Cal.4th 750, 769 n.9.)

19 |
20 | **I.   The petition has not been timely filed, so the petition
      lies only if the Petitioner can show either that his
21 |      trial was fundamentally unfair or that he is actually
      innocent.**

22 | A petition for writ of habeas corpus must be timely filed.
23 | (In re Robbins (1998) 18 Cal.4th 770, 778.) A petition is
24 | presumptively timely if it is filed within 90 days of the final
25 | due date for filing of the reply brief on direct appeal. (Id. at
26 | p. 780.) The bar of untimeliness does not apply where the
27 | petitioner establishes either (1) absence of substantial delay,
28 |

5

1   (2) good cause for the delay, or (3) that the claim falls within
2   an exception to the bar of untimeliness. (Ibid.)

3       Substantial delay is measured from the time that the
4   petitioner or his counsel knew or reasonably should have known
5   the facts offered in support of the claim, and it is the
6   petitioner's burden to establish the absence of substantial delay
7   with specific allegations supported by relevant exhibits. (Ibid.)
8   Good cause for substantial delay can be established by
9   demonstrating that there was an ongoing investigation into
10  meritorious claims. (Ibid.) It is permissible to delay the
11  presentation of known claims in order to avoid the piecemeal
12  presentation of claims as long as the investigation into at least
13  one meritorious claim is ongoing. (Ibid.)

14      Relevant exceptions to the timeliness bar include (1) that
15  error of constitutional magnitude led to a trial that was so
16  fundamentally unfair that, absent the error, no reasonable judge
17  or jury would have convicted and (2) that the petitioner is
18  actually innocent of the crimes of which he or she was convicted.
19  (Ibid.)

20      The Petitioner's claim is presumptively untimely, coming
21  fifteen years after his time for appeal. He argues that there is
22  no substantial delay because he could not reasonably have known
23  the information supporting his claim and that he hired his
24  private investigator in March 2003 because the government would
25  not release any information about Mr. Younge's or Mr.
26  Quartermain's past, and the investigation was only completed in
27  May 2006. However, the Petitioner has not explained the delay of
28  twelve years in hiring the private investigator. The Petitioner

6

has failed to rebut the presumption of untimeliness by showing the absence of substantial delay or good cause for the delay.

Thus, the Petitioner's claim lies only if he has shown that an exception to the timeliness bar applies. This court has considered, and discusses in the remainder of this opinion, whether the Petitioner has shown either that his trial was fundamentally unfair or that he is actually innocent.

## II.     The Petitioner has not established that the prosecution failed to turn over exculpatory evidence in violation of Brady v. Maryland.

The Petitioner has failed to establish a prima facie case that the prosecution's failure to inform the defense about Mr. Younge's alleged felony offenses violated their discovery obligations under Brady v. Maryland (1963) 373 U.S. 83 and its progeny.

The prosecution is obligated to disclose to the defense evidence of a witness's convictions for crimes of moral turpitude. (People v. Santos (1994) 30 Cal.App.4th 169, 179.) In addition to evidence of convictions, a defendant is also entitled to discovery of criminal charges currently pending against material prosecution witnesses because they are material to the witnesses' motivation in testifying, even where no explicit promises of leniency have been made. (People v. Coyer (1983) 142 Cal.App.3d 839, 842.) However, there is no authority that stands for the proposition that the prosecution must disclose evidence of uncharged offenses, or even evidence of arrests that did not result in convictions.

1    Furthermore, under Brady, the prosecution's duty to
2  disclose exculpatory evidence extends to investigative agencies
3  under the same government. (In re Brown (1998) 17 Cal.4th 873,
4  879 (crime lab acting on state's behalf was part of prosecution
5  team).) The duty has also been described as extending to
6  investigative agencies to which the prosecutor has reasonable
7  access, (People v. Robinson (1995) 31 Cal.App.4th 494, 499
8  (city arson investigators)), and information that is readily
9  available to the prosecution and inaccessible to the defense,
10  (People v. Coyer, supra, 142 Cal.App.3d at p. 842 (charges
11  pending against the witness elsewhere in the state)). The
12  prosecution has no duty to disclose information known only to
13  federal authorities. (In re Pratt (1980) 112 Cal.App.3d 795,
14  859.)

15    Here, the prosecution did disclose evidence of all of Mr.
16  Younge's felony convictions, and that evidence was introduced at
17  trial. The Petitioner has made no showing that the prosecution
18  was aware of any other criminal acts by Mr. Younge, even if such
19  information was available to federal authorities. Thus, the
20  prosecution complied with its Brady obligations and the petition
21  is denied as to the Petitioner's claim to the contrary.

22    Because the prosecution complied with its Brady obligations,
23  the Petitioner's claim that the trial was fundamentally unfair
24  for that reason must fail.

25    In addition, the extent of Mr. Younge's criminal conduct
26  does not establish the Petitioner's factual innocence. The
27  Petitioner's theory is that Mr. Younge and Mr. Quartermain
28  conspired to murder Mr. Ewing and then extort money from the

8

1  Petitioner in exchange for refraining from contacting the police
2  about the murder. Even if this was Mr. Younge's original
3  intention, it does not preclude the Petitioner's involvement in
4  the murder and thus does not establish his actual innocence.

5  III.    **The Petitioner's claim as to Mr. Green must be denied**
6          **because he has shown neither that he attempted to**
7          **procure Mr. Green's testimony nor that the testimony**
           **would have established his actual innocence.**

8       As to Mr. Green, the Petitioner appears to be arguing that
9  he was denied his right to present witnesses at his jury trial
10 because authorities threatened Mr. Green with prosecution if he
11 testified for the defense. The Petitioner has not shown that he
12 subpoenaed Mr. Green to testify and that Mr. Green subsequently
13 failed to appear. In the absence of the Petitioner's effort to
14 procure Mr. Green's testimony, the trial was not fundamentally
15 unfair.

16      The Petitioner's allegation as to Mr. Green also does not
17 establish his actual innocence. The prosecution case showed
18 that the Petitioner was present in a certain restaurant on a
19 certain date with his co-defendant Mr. Anthony and the victim
20 Mr. Ewing. It had been arranged that Mr. Quartermain, who was
21 to commit the murder, would also be present at the restaurant
22 during that time so that he could "eyeball" Mr. Ewing so that
23 he could later recognize his target. According to the
24 Petitioner, Mr. Green's testimony would have established that
25 the Petitioner could not have been present in the restaurant on
26 that date because he was visiting Mr. Green in Southern
27 California.

28

1    Even if true, this testimony would not have established
2  the Petitioner's actual innocence. There was substantial
3  additional evidence that connected the Petitioner with the
4  murder. Thus, the Petitioner's claim as to Mr. Green is denied.

5

6    **IV.    The Petitioner's claim as to Ms. Chandler must be denied
        because he has failed to establish a prima facie case
7        that the testimony was coached and has not shown that
        the testimony would have established his actual
8        innocence.**

9    As to Ms. Chandler, the Petitioner appears to be arguing
10  that his trial was fundamentally unfair because the prosecution
11  dictated to Ms. Chandler what her testimony would be. This is not
12  a new allegation; it was raised at Mr. Quartermain's trial in
13  1989, before the Petitioner's 1990 trial. That information was
14  reasonably available to the Petitioner. He could have impeached
15  Ms. Chandler with that allegation, but did not. His failure to
16  attack her testimony on this basis did not render his trial
17  fundamentally unfair.

18    Furthermore, the facts do not support an inference that the
19  prosecution improperly coached Ms. Chandler as to what her
20  testimony should be at trial. Ms. Chandler was a friend of Mr.
21  Quartermain's who drove his car on the night of the murder and
22  was sitting in the car when Mr. Quartermain got out of the car
23  and shot Mr. Ewing. Mr. Quartermain had told her that two men had
24  approached him about wanting him to kill a third man. At three
25  preliminary hearings and the Quartermain trial, she testified
26  that she never met the Petitioner nor had she met the three men
27  to whom Mr. Quartermain had referred. When she drove to the
28  murder site, she thought there was going to be a dope deal. At

1   the Petitioner's trial, she changed her story and testified that
2   she knew that Mr. Quartermain planned a killing at the time she
3   drove to the murder site. She also added that, afterwards, Mr.
4   Quartermain told her that he was supposed to dismember and
5   dispose of the body. She added no further facts that inculpated
6   the Petitioner.

7   Because Ms. Chandler changed her story compared to her
8   earlier testimony, she was forced to admit during her testimony
9   that she had committed perjury on the earlier occasions. She
10  explained that she had lied on the earlier occasions because she
11  was afraid of Mr. Quartermain and his associates. Because her
12  changed testimony established that she was an accomplice to the
13  murder, the prosecution revealed that they had given Ms. Chandler
14  immunity for the murder and the court instructed the jury to view
15  her testimony with distrust.

16  In view of the negative impact of her changed testimony on
17  the prosecution's case, it is unlikely that the prosecution
18  coached her to testify as she did. Thus, the Petitioner's
19  allegations are not credible and he has not established his prima
20  facie case under In re Duvall, supra.

21  Furthermore, the Petitioner has not shown that, had Ms.
22  Chandler not testified, his actual innocence would have been
23  established. Accordingly, the Petitioner's claim as to Ms.
24  Chandler must be denied.

25  V.   **The Petitioner's claim as to Agent Langan must be denied**
26       **because he has failed to establish a prima facie case**
27       **that Mr. Younge committed perjury and Agent Langan was**
     **aware of it, and because, even if true, the claim does**
28       **not establish his actual innocence.**

1    The Petitioner has not established a prima facie case that
2  Mr. Younge committed perjury at the 1982 DiSantis trial. He has
3  not provided any documentation supporting the claim other than
4  his own affidavit that merely reiterates it. Instead, the
5  published case of DiSantis v. United States (D.Pa. 1986) 1986
6  U.S. Dist. LEXIS 23838 supports the opposite inference.
7  District Court Judge in his opinion states that he "doubt[ed]
8  very strongly that [Younge's] testimony was false" and that he
9  found Mr. Younge's testimony "more than sufficient to convince
10 a jury of DiSantis's guilt beyond a reasonable doubt, despite
11 the extensive and rigorous efforts to discredit [Younge's]
12 testimony." (Id. at pp. 8-9.)

13    Furthermore, the Petitioner has failed to provide any
14 documentary evidence of the alleged 1982 FBI memo, other than
15 his own affidavit that that merely reiterates the allegation.
16 Thus, the Petitioner has failed to state a prima facie case
17 either that Mr. Younge previously committed perjury or that
18 Agent Langan was aware of it.

19    Even if Mr. Younge's testimony at the DiSantis trial was
20 perjurious and Agent Langan knew that, the Petitioner's trial
21 was not fundamentally unfair. The DiSantis trial was a public
22 trial, as were defense allegations in that case that Mr. Younge
23 had committed perjury. The trial in 1982 and the District
24 Court's consideration of the allegations of perjury in 1986
25 both occurred well before the Petitioner's 1990 trial. Thus,
26 this information was available to the Petitioner to impeach the
27 testimony of both Mr. Younge and Agent Langan. The Petitioner's

28

1  failure to use the information at his trial did not render his
2  trial fundamentally unfair.

3      Furthermore, even if Mr. Younge had committed perjury at
4  either the DiSantis trial or the Petitioner's trial and even if
5  Agent Langan knew about the perjury, none of those facts
6  establish the Petitioner's actual innocence. Accordingly, the
7  Petitioner's claim as to Agent Langan's testimony is denied.

8
9  VI.   **The Petitioner has failed to establish that the**
       **prosecution committed misconduct, either by knowingly**
10      **using perjured testimony or by relying on irreconcilable**
       **factual theories.**

11     The Petitioner has failed to establish that either Ms.
12  Chandler or Agent Langan committed perjury. Therefore, he has not
13  established that the prosecution knowingly used their perjured
14  testimony.

15     The Petitioner has alleged that Mr. Younge lied when he
16  testified in 1990 that he had $20 million offshore, because he
17  had testified in the 1982 DiSantis trial that he had only $2
18  million. These two facts are not necessarily inconsistent,
19  because Mr. Younge could have made more money between 1982 and
20  1990. Furthermore, even if Mr. Younge's testimony was false, the
21  Petitioner has not established with anything other than bald
22  allegations that the prosecution knew it was false. Thus, he has
23  not stated a prima facie case that the prosecution committed
24  misconduct by knowingly using perjured testimony.

25     As for the Petitioner's claim that the prosecution
26  improperly relied on irreconcilable factual theories by arguing
27  that Mr. Quartermain told the truth to Mr. Younge, but lied at
28  his own trial, these are not irreconcilable theories. Mr.

1  Quartermain was not on trial for murder when he spoke to Mr.
2  Younge, but instead was communicating with a long-time associate.
3  It is entirely consistent that Mr. Quartermain would have been
4  telling the truth to Mr. Younge but lying while on the stand in
5  his own trial. Thus, the Petitioner has not stated a prima facie
6  case that the prosecution relied on irreconcilable factual
7  theories. Accordingly, the Petitioner's claim of prosecutorial
8  misconduct must be denied.

9

10                              **CONCLUSION**

11      For the foregoing reasons, the petition for writ of habeas
12  corpus is denied. The California Rules of Court require that
13  any order to seal records must rely on findings that an
14  overriding interest overcomes the right of public access to the
15  records, that the interest supports sealing the record, that
16  the proposed sealing is narrowly tailored, and that no less
17  restrictive means exist the achieve the overriding interest.
18  (Rule 2.550(d).) This Court finds that the Petitioner's
19  interest in keeping his physical location secret can be served
20  by corresponding with him only at his Florida address and by
21  leaving the remainder of the record unsealed.

22

23          **JUN 2 6 2007**
24  DATED:

25                                    Robert D. Foiles
26                                    Presiding Judge, Superior Court

27

28

                                  14

**FILED**
SAN MATEO COUNTY

JUL 1 8 2007

Clerk of the Superior Court

By _____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

In re:                          )     Case No. SC-23606A
                                )              HC-1796
   RONALD J. MCINTOSH           )
                                )     **ORDER OF DENIAL**
On Habeas Corpus.               )
                                )
_____)

The Court has received and reviewed the Motion for Rehearing filed by the Petitioner, Ronald J. McIntosh, on July 10, 2007.

The Court declines to exercise its discretion to reconsider its earlier order of denial. The Court believes it fully addressed all of the issues raised by the Petitioner. Accordingly, the Petitioner's request for rehearing is denied.

DATED: ___7/17/07___          _____

                               Robert D. Foiles
                               Presiding Judge, Superior Court

1



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD J. McINTOSH, )
             Petitioner, )
           )
         vs. )
           )
DANIEL E. LUNGREN, Attorney )
General of the State of California, ., )
          Respondent. )
           )

No. C 97-1427 CRB (PR)

ORDER DISMISSING
PETITION WITH LEAVE TO
AMEND

Petitioner, a prisoner currently incarcerated at the United States

Penitentiary in Florence, Colorado, and proceeding pro se, seeks a writ of habeas

corpus under 28 U.S.C. § 2254 challenging a conviction from the Superior Court

of the State of California in and for the County of San Mateo. Per order filed on

July 14, 1997, the court (Walker, J.) found that the petition, liberally construed,

stated seven claims cognizable under § 2254 and ordered respondent to show

cause why a writ of habeas corpus should not be granted.

Respondent moves to dismiss the petition on the grounds that it contains

three unexhausted claims and that some of the claims are not specific enough to

present a federal question. Petitioner responds by moving the court for leave to

file an amended petition without the three unexhausted claims.

Districts courts must dismiss "mixed petitions" containing both exhausted

and unexhausted claims and leave "the prisoner with the choice of returning to

state court to exhaust his claims or of amending or resubmitting the habeas

1    petition to present only exhausted claims to the district court."  Rose v. Lundy,

2    455 U.S. 509, 510 (1982).  Good cause appearing, the petition is DISMISSED

3    with leave to file an amended petition containing only exhausted claims (i.e,

4    striking the three unexhausted claims) within 30 days of this order.

5        Petitioner is advised that his amended petition will supersede his original

6    petition and accordingly he must reallege his exhausted claims with specificity

7    and in connection to the deprivation of a federal constitutional right.

8    SO ORDERED.

9    DATED: 7 - 13-98

10

11   CHARLES R. BREYER
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2