1  EDMUND G. BROWN JR.
   Attorney General of California
2  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
3  PAMELA K. CRITCHFIELD
   Deputy Attorney General
4  State Bar No. 168024
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5952
6   Fax:  (415) 703-1234
    E-mail:  Pamela.Critchfield@doj.ca.gov
7  *Attorneys for Respondent*

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12

13  **RONALD J. McINTOSH,**                C 09-0750 CRB (PR)

14                            Petitioner,   **REPLY TO PETITIONER'S
                                           OPPOSITION TO MOTION TO DISMISS**
15       **v.**                            **HABEAS PETITION AS UNTIMELY**

16  **ERIC H. HOLDER, JR., et al,**

17                          Respondents.

18

19       In his opposition to respondent's motion to dismiss his habeas petition as untimely,

20  petitioner claims that the statute of limitations did not begin to run until he discovered that

21  prosecution witness David Younge and Drax Quartermain (Younge's employer who introduced

22  him to petitioner) had worked together and, thus knew each other, during the 1970's.  Although

23  his conviction was final in early 1993, petitioner claims that it was not until April 2006 that he

24  learned through another prison inmate about the relationship between Younge and Quartermain.

25  According to petitioner, this information (that Younge and Quartermain worked together in the

26  1970's) demonstrated that Younge's testimony at trial, that he had only known Quartermain since

27  1982, was perjured.

28

                                          1

1    Under AEDPA,[1] the one-year limitations period alternatively begins running on "the date

2    on which the factual predicate of the claim or claims presented could have been discovered

3    through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D)

4    applies to those who could not discover the factual predicate for their claims, not those who

5    "sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 & n.14 (5th Cir. 1999).  The burden

6    is on the petitioner to persuade the court that he has exercised due diligence.  *Lott v. Coyle*, 261

7    F.3d 594, 605-06 (6th Cir. 2001).  An application that "merely alleges that the applicant did not

8    actually know the facts underlying his . . . claim" is insufficient to show due diligence.  *In re*

9    *Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  The statute of limitations "begins when the

10   prisoner knows (or through diligence could discover) the important facts, not when the prisoner

11   recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001);

12   *see also Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

13   Petitioner's habeas petition alleges sixteen claims, including subornation of perjury, witness

14   tampering, juror misconduct, insufficiency of the evidence, ineffective assistance of counsel,

15   actual innocence and abuse of discretion by the lower courts.  Petitioner argues in his opposition

16   to respondent's motion to dismiss that the factual predicate for those claims was not known until

17   2006 when a fellow prison inmate told him that Younge and Quartermain worked together, and

18   were therefore acquainted, during the 1970's rather than since 1982 as Younge testified at trial.

19   Significantly, petitioner makes no showing why this information could not have been discovered

20   before 2006.  The fact that petitioner did not discover a person who could provide this

21   information until 2006 does not extend the statute of limitations.  "Section 2244(d)(1)(D) does not

22   convey a statutory right to an extended delay, . . . while a habeas petitioner gathers every possible

23   scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*,

24   154 F.3d at 199.

25   Furthermore, the information itself, the length of the relationship between Younge and

26   Quartermain, is clearly not relevant to most of the issues alleged in petitioner's habeas petition

27   _____

28   [1] Antiterrorism and Effective Death Penalty Act of 1996.

1    and thus does not provide the basis for delaying the running of the statute of limitations under §

2    2244(d)(1)(D).[2]

3         Because petitioner has failed to establish that he is entitled to statutory tolling, the habeas

4    petition should be denied with prejudice.

5    Dated:  August 18, 2009                          Respectfully submitted,

6                                                     EDMUND G. BROWN JR.
                                                      Attorney General of California
7                                                     PEGGY S. RUFFRA
                                                      Supervising Deputy Attorney General
8
                                                      /s/ Pamela K. Critchfield
9
                                                      PAMELA K. CRITCHFIELD
10                                                    Deputy Attorney General
                                                      *Attorneys for Respondent*
11
     SF2009202082
12   20217418.doc

13

14

15

16

17

18

19

20

21

22

23

24   _____

25        [2] Moreover, the fact that Younge and Quartermain may have known each other during the
     1970's and before 1982, as testified to by Younge, is immaterial to *any* claim petitioner might be
26   raising in his habeas petition, including a claim that Younge perjured himself.  Younge's
     background, including his extensive cooperation with federal prosecutions of organized crime
27   figures, his drug dealing, his prior convictions, his relationship with Quartermain, his false
     testimony in other proceedings, and his money laundering and fraudulent financial transactions,
28   was fully explored during Younge's testimony at trial.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Ronald J. McIntosh vs. Eric H. Holder, Jr., et al**

No.:   **C 09-0750 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 20, 2009, I served the attached **REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS HABEAS PETITION AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Ronald J. McIntosh**
**Fed-12053-086  CDC-E-91667**
**Reg. No. 12053-086**
**P.O. Box 8000**
**Mariana, FL  32447-8000**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 20, 2009, at San Francisco, California.

| J Wong | J Wory |
|--------|--------|
| Declarant | Signature |

SF2009202082
20217911.doc