BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorney for Petitioner
RONALD J. MCINTOSH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD J. MCINTOSH,<br><br>          Petitioner,<br><br>v.<br><br>ERIC H. HOLDER and<br>ATTORNEY GENERAL OF CALIFORNIA,<br><br>          Respondents. | Case No.: 3:09-cv-00750 CRB<br><br>ORDER |

This matter comes to Court on Petitioner's Motion for an Order to Produce Discovery. Having reviewed all papers submitted in support of and in opposition to this motion, and this motion having been heard by this Court, the Court GRANTS Petitioner's Motion for an order directing the Attorney General for the State of California (the "State") and the United States Department of Justice (and its components the Federal Bureau of Investigation and the United States Marshal Service) (the "federal government") to produce the following in connection with McIntosh's Rule 60(b) motion as described below:

1.      The State and federal government shall furnish McIntosh with (a) the material it deemed *Brady* material and furnished to McIntosh and (b) all material that it reviewed after the hearing on McIntosh's subpoena on October 5, 1990 and that was withheld in *People v. McIntosh*, C-23606 (Superior Court, County of San Mateo) (hereafter, "*McIntosh*") regardless of whether it was furnished to McIntosh.

2.      The State and federal government shall furnish McIntosh with all information that came into the possession, custody or control of the State or federal government before,

during or after McIntosh that constitutes *Brady* material concerning Ronald Raiton a/k/a David Younge and/or Russell Weston a/k/a Drax Quartermain.

3.      The State shall furnish McIntosh with all communications between the State and federal government prior to and following the hearing in *McIntosh* on October 5, 1990 concerning the review of government files in response to McIntosh's subpoena.  (See Exhibit C-1 accompanying this motion at 80.)

4.      The State shall furnish McIntosh with all tape-recorded conversations between Ronald Raiton, a/k/a David Young and Russell Weston a/k/a Drax Quartermain following the homicide of Ronald Ewing.

5.      The State shall furnish McIntosh with all information concerning any benefits (financial or otherwise) conferred on Ronald Raiton, a/k/a David Young by the State, including without limitation the State's knowledge of Raiton's failure to pay child support of over $163,000 as of August 2006.

6.      The federal government shall furnish McIntosh with all information concerning any benefits (financial or otherwise) conferred on Ronald Raiton, a/k/a David Young by the federal government, including without limitation the federal government's knowledge of Raiton's failure to pay child support of over $163,000 as of August 2006.

7.      The federal government shall furnish McIntosh with all information provided by Ronald Raiton, a/k/a David Young to the federal government concerning the homicide of Ronald Ewing, including any tape recordings, notes, and memoranda written or recorded by any person.

8.      The State shall furnish McIntosh with all information provided by Ronald Raiton, a/k/a David Young to the State concerning the homicide of Ronald Ewing.

9.      The federal government shall furnish McIntosh with all information, including reports, notes, emails, and other forms of information, concerning a United States Department of Justice investigation into the FBI's handling of Ronald Raiton, a/k/a David Younge.

10.     The State and federal government shall furnish McIntosh all information, including reports, notes, and other documents, concerning communications between the State or federal government and Joseph Green.

11.     The State and federal government shall furnish McIntosh all information, including reports, notes, and other documents, concerning communications between the State or federal government and Debra Chandler, including without limit communications concerning the substance of her testimony, and all information concerning any benefits conferred on Chandler by the State and/or federal government, including without limit any financial assistance and/or any involvement by the State (or its officers) regarding criminal charges brought or that could have been brought against Chandler.

**IT IS SO ORDERED:**

Dated:  January 14, 2014



Judge Charles R. Breyer

ORDER
3:09-CV-00750 CRB