BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorneys for Petitioner
RONALD J. MCINTOSH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD J. MCINTOSH<br><br>Petitioner,<br><br>-v-<br><br>ERIC N. HOLDER, et ano,<br><br>Respondents. | Case No. 3:09-cv-00750 CRB<br><br>PLAINTIFF'S MOTION TO VACATE PROTECTIVE ORDER |

## MOTION

Ronald McIntosh, by his attorney David W. Shapiro, hereby requests that the Court vacate the protective order entered on April 2, 2014 at the request of the United States Attorney's Office for the Northern District of California ("USAO").

## BACKGROUND

This Court ordered the federal government to produce certain information relating to Ronald Raiton a/k/a "David Younge" and Russell Weston a/k/a "Drax Quartermain" on or before February 19, 2014 (the "Discovery Order"). It failed to do so.

On April 1, 2014, the USAO requested that the Court enter a protective order based on a prosecutor's assertion that McIntosh's counsel had agreed and then given an ambiguous response

concerning the protective order. In fact, McIntosh's counsel was unequivocal: he stated that he would not agree to the protective order proposed by the USAO because he had no idea what information would be disclosed and whether secrecy about the material was required to be maintained. *See* April 24, 2014 Shapiro Decl. Exhibit 4.

On April 2, 2014, the Court signed the protective order sought by the USAO, evidently because it believed McIntosh did not object. The order is unnecessary, and the request for it is without justification. The order has interfered, and will interfere with McIntosh's ability to discuss the evidence – and the federal government's failure and refusal to produce evidence – in court filings.

## ARGUMENT

Documents produced in response to discovery orders are not subject to any restrictions on their use, absent a protective order, issued on good cause or by stipulation.

In this case, the USAO unilaterally submitted a motion for an overbroad and unjustified protective order based on the assertion by a prosecutor that the Discovery Order touched upon the federal Witness Security Program, and Congress has made the disclosure of protected witness information a federal offense (citing to 18 U.S.C. § 3521(b)(3)).

First, the government misstated McIntosh's position regarding a protective order and misstated the justification for the broad order that it requested. McIntosh opposed the protective order submitted by Mr. Leung without any explanation of what documents and information required protection. (April 24, 2014 Shapiro Decl. Ex. 4)

Second, secret or proprietary information about the Witness Security Program ("Witsec") – while a repository of information about Raiton and Weston – was not implicated in this case: Neither Raiton nor Weston were in Witsec at the time of the homicide or thereafter. Neither had been in Witsec after leaving prison in 1984. Raiton was being "handled" by the FBI, which does not oversee Witsec.

Third, the statute cited by Mr. Leung in his declaration makes it a crime for anyone to disclose the information described in Section 3521(b)(1)(G), which provides as follows:

[The Attorney General may, by regulation – ] disclose or refuse to disclose the identity or

location of the person relocated or protected, or any other matter concerning the person or the program after weighing the danger such a disclosure would pose to the person, the detriment it would cause to the general effectiveness of the program, and the benefit it would afford to the public or to the person seeking the disclosure, except that the Attorney General shall, upon the request of State or local law enforcement officials or pursuant to a court order, without undue delay, disclose to such officials the identity, location, criminal records, and fingerprints relating to the person relocated or protected when the Attorney General knows or the request indicates that the person is under investigation for or has been arrested for or charged with an offense that is punishable by more than one year in prison or that is a crime of violence.

Thus, section 3521(b)(1)(G) authorizes the Attorney General to withhold information about a relocated witness or other information about the program, *if he determines that disclosure would endanger the relocated witness or deter the effectiveness of the Witsec Program.* Mr. Leung made no representation that the Attorney General or his designee made any such determination in this case.

Indeed, such a determination would be meritless because Raiton and Weston were never relocated witnesses, McIntosh has not asked for information about relocations, and nothing about Raiton's and Weston's (or the government's) disclosure to the US Marshal Service about Raiton and Weston's relationship with each other and the organized crime group of which both were members would impact the effectiveness of the Witsec program.

In short, the USAO failed to establish any legal basis for sealing Mr. Leung's letter or for the protective order submitted to this Court.

On the other hand, the protective order, as issued, will unnecessarily burden McIntosh's ability to present his arguments in this Court and in the Court of Appeals. Mr. Leung's narrative response to the Discovery Order provided no information at all in response to this Court's discovery order; the government's discovery response (which says nothing substantive) must now be submitted under seal and referred to in a way so as to avoid potential criminal charges brought by Mr. Leung against McIntosh's counsel. The federal government's insistence that its "disclosures" be sealed is intended to interfere with a public discussion of the failures of the DOJ and state prosecutors and it in fact interferes with McIntosh's ability to explain the facts and the law. (If the DOJ ever produces responsive documents to the Discovery Order, then it may (a) obtain a ruling from the Attorney General about what information must be kept secret, and (b) meet and confer

1  with McIntosh about why the use of the documents must be restricted.)

## CONCLUSION

McIntosh therefore requests that the Court vacate the protective order because neither Raiton nor Weston was a relocated witness. Moreover, the Attorney General may disclose whatever he chooses and, under the statute quoted above, he must produce documents in response to a court order (without any statutory requirement that such information be placed under seal).

Dated: April 24, 2014                                Boersch Shapiro LLP


                                                  */s/ David W. Shapiro*
David W. Shapiro
Counsel for Petitioner
RONALD J. MCINTOSH