AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Ronald J. McIntosh | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:09-cv-00750 CRB |
| Eric H. Holder, et ano. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  The Federal Bureau of Investigation
     450 Golden Gate Avenue, 13th Floor, San Francisco, CA 94102
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: You are required to produce the documents described on the attachment within 30 days of service of this subpoena.

| Place: Boersch Shapiro LLP<br>1611 Telegraph Ave., Ste 806<br>Oakland, CA 94612 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/29/2015

*CLERK OF COURT*

_____       OR       _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald J. McIntosh , who issues or requests this subpoena, are:

David Shapiro, 1611 Telegraph Ave., Ste 806, Oakland, CA 94612; Dshapiro@boerschshapiro.com; (415) 500-6644

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Federal Bureau of Investigation (the "FBI") Subpoena Attachment

## INSTRUCTIONS

1. In responding to this subpoena, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of attorneys, investigators, police officers, federal agents and investigators, or other persons.

2. If you withhold any responsive documents, you must provide a privilege log identifying the documents or information withheld in accordance with Fed. R. Civ. P. 26(b)(5).

3. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

4. The singular form of any word means both the singular and plural of that word, and the plural form of any word shall mean both the singular and plural of that word. "Any" or "all" mean each and every.

5. The terms "and" and "or" shall be read, interpreted, and construed to give them the broadest, most expansive meaning, which includes, without limitation, reading such terms in the disjunctive or conjunctive, as necessary, to give them a broader meaning.

6. "Including" means including without limitation.

## DEFINITIONS

1. "Ronald J. McIntosh" or "McIntosh" refers to the defendant in *People of the State of California v. Ronald J. McIntosh*, C-23606, in the Superior Court of the State of California in and for the County of San Mateo (hereafter, "*McIntosh murder case*"), and to the defendant in *United States v. Samantha Lopez and Ronald J. McIntosh*, Dkt. No. CR-86-1035, in the United States District Court for the Northern District of California (hereafter, the "*McIntosh escape case*").

2. "Raiton" refers to Ronald Raiton, who testified under the name David Younge in the *McIntosh murder case*, DOB: January 1935; SSN 166-28-xxxx [to be provided if needed by subpoena recipient].

3. "Weston" refers to Russell Weston, a/k/a Drax Quartermain; SSN 226-19-XXXX [to be provided if needed by subpoena recipient].

4.     "Jim Green" refers to a witness or subject in the *McIntosh murder case* or the *McIntosh escape case*, DOB: 4/18/50 and/or 4/1/50; SSN 550-84-XXXX [to be provided if needed by subpoena recipient]

5.     "Ken Hamilton" refers to a witness or subject in the *McIntosh murder case* or the *McIntosh escape case*.

6.     "Document" means "documents or electronically stored information" in Fed.R.Civ.P.34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

## DOCUMENTS TO BE PRODUCED

1.     All documents (including notes and reports) concerning Ronald Raiton, a/k/a David Younge, from 1970 through 1984, including reports about Raiton/Younge's criminal associates and organizations.

2.     All documents (including notes and reports) concerning Russell Weston, a/k/a Drax Quartermain, from 1970 through 1984, including reports about Weston/Quartermain's criminal associates and organizations.

3.     All documents (including notes and reports) from January 1984 through June 1987 concerning conversations between Younge and any FBI agent concerning meetings or conversations between and/or among Raiton/Younge, Weston/Quartermain, Ronald McIntosh, Michael Anthony, Debra Chandler, and any of them.

4.     All documents (including notes and reports) concerning the investigation of the McIntosh escape case, including all information about Lee Hamilton and/or Jim Green and all information shared by the FBI with State of California law enforcement officers.

5.     Photographs of Russell Weston, a/k/a Drax Quartermain, and Ronald Raiton, a/k/a David Younge, from 1981, or, if not available, all photographs from in or about and between 1970 and 1984.

6.     All psychological history or psychological assessment of Russell Weston, a/k/a Drax Quartermain, in your possession, custody, or control, including any prepared in connection with Weston's acceptance into the federal Witness Security Program.

      7.     Criminal history (rap sheet) of Russell Weston, a/k/a Drax Quartermain, including booking photographs.

      8.     Criminal history (rap sheet) of Ronald Raiton, a/k/a David Younge, including booking photographs.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:09-cv-00750 CRB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Boersch Shapiro LLP on *(date)* 4/30/2015.

☒ I served the subpoena by delivering a copy to the named person as follows: Brian C. Weber, supervisory special agent.
on *(date)* 4/30/2015 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ ____/____ for travel and $ ____/____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 4/30/2015

*Roxanne M. Vorkoeper*
Server's signature

Roxanne Vorkoeper, Legal Assistant
Printed name and title

1611 Telegraph Ave. Ste 806, Oakland, CA 94612
Server's address

Additional information regarding attempted service, etc.:
Brian will pass the subpoena onto the appropriate department.