IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. MCINTOSH,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER JR.,<br><br>    Defendant. | No. C09-00750 CRB<br><br>**ORDER RE DISCOVERY REQUESTS FOR UNDERCOVER OPERATION FILES, AGENT NOTES, AND WITNESS SECURITY INFORMATION** |

Now before the Court is McIntosh's request for additional discovery related to a certain undercover operation in Philadelphia, particular agent notes, and particular witness security information. See Sealed Motion and Declarations (dkt. 192). The Court previously ordered the FBI and United States Marshals Service ("USMS") to submit detailed declarations explaining their efforts to comply with McIntosh's previous discovery requests. See Discovery Orders (dkts. 187 and 190). The FBI and USMS have submitted the requested declarations. See Sealed Declarations (dkt. 197).

McIntosh again requests additional discovery. See Sealed Motion (dkt. 192). First, he argues that the USMS disregarded the Court's subpoena as it related to one category of information. See Sealed Declaration (dkt. 195-3) ¶ 10(a); Sealed Declaration (dkt. 192-4). The USMS requested clarification on the scope of the subpoena, misunderstanding that the sections immediately following the disputed language provided the requested level of specificity. See generally id. ¶ 10. Given that USMS provided responses to each of the

detailed requests for information that followed the disputed section, the Court concludes that the USMS affidavit adequately responds to the Court's prior Order.  See id. ¶ 10.

Second, McIntosh asserts that the government (a) has not reviewed the Philadelphia undercover operation files at issue here for Brady material, (b) has not stated whether it can locate a particular agent's notes related to conversations with a certain informant, and (c) has withheld criminal history reports that the fall within the scope of the information that the Court ordered produced to McIntosh.  See Sealed Declaration (dkt. 192-3) ¶ 2 & 6; Sealed Reply (dkt. 192-2) ¶ 4 & 7.

Upon review of the parties' submissions and for good cause shown, the Court ORDERS that the government review the Philadelphia undercover file in question for Brady material and produce any Brady material found to McIntosh.  See Sealed Declaration (dkt. 192-3) ¶ 6.  The Court further ORDERS that the FBI state by declaration whether it has found or whether it can find the agent's notes requested by McIntosh, and if it has located those notes, the government is ORDERED to provide a reason—separate from its assessment of the notes' relevance—for why the notes should not be disclosed to McIntosh.  See Sealed Motion (dkt. 192-2) ¶ 4.  Furthermore, the Court ORDERS the government to disclose the criminal history reports requested by McIntosh or to submit a declaration stating the government's reasons—separate from its assessment of relevance—for withholding those reports.  See Sealed Motion (dkt. 192-2) ¶ 7.

Finally, the Court orders that counsel for McIntosh may review the one arguably relevant document identified in the Philadelphia undercover operation file thus far, see Sealed Declaration (dkt. 197-1) ¶ 12, under the terms of the same protective order that governed counsel's review of the 174 pages of FBI documents discussed in this Court's prior Orders, see, e.g., Order Re Requests for Clarification (dkt. 190).

**IT IS SO ORDERED.**

Dated: March 1, 2016

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE