BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorney for Petitioner
RONALD J. MCINTOSH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD J. MCINTOSH,<br><br>          Petitioner,<br><br>      v.<br><br>ERIC H. HOLDER and ATTORNEY GENERAL OF CALIFORNIA,<br><br>          Respondents. | Case No. C 09-00750 CRB<br><br>**OPPOSITION AND OBJECTION TO GOVERNMENT REQUEST TO SEAL DECLARATION OF MELISSA E. PATRICK** |

       Petitioner Ronald J. McIntosh, by his counsel, David W. Shapiro, hereby objects to the government's request to file the Declaration of Melissa E. Patrick under seal, filed with the Court on May 27, 2016, as follows.

       1.  McIntosh has previously objected to the government's unsupported requests to seal documents in this case.  Doing so deprives the public of information about this case, interferes with defense counsel's ability to make coherent and cogent arguments available to the public, increases the costs to the Court for legal fees, and violates this Court's rules regarding sealing.

       2.  Under this Court's Local Rules, the proponent of sealing "must set forth specifically the action requested *and the reasons supporting the motion*."  Local Civil Rule 7-11(a) (emphasis

added).  To establish a good reason to seal, the proponent must establish that the documents sought to be sealed are privileged and the request is narrowly tailored:  "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable').  The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."

3.  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  For dispositive motions – which is at the heart of the dispute here (a petition to vacate McIntosh's conviction and sentence) – the party seeking to seal must demonstrate a "compelling reason" to do so.  *Id*.  Even in discovery disputes, the party asking to seal documents must show good cause.  *Id*.  The good cause standard is not met without a particularized showing."  *Id*. at 1180.

4.  In support of its motion to seal documents that it filed by hand on May 27, 2016, the government simply calls them "sensitive."  There is no explanation of what "sensitive" means or why that characterization means the document must be sealed.

WHEREFORE, McIntosh respectfully requests that the government request to seal filed on May 27, 2016, notice of which was made on ECF on June 8, 2016, be denied.

Dated:  June 8, 2016

BOERSCH SHAPIRO LLP

*/s/ David W. Shapiro*
David W. Shapiro

Attorney for Ronald J. McIntosh

OPPOSITION AND OBJECTION TO
GOVERNMENT REQUEST TO SEAL
DECLARATION OF MELISSA E.
PATRICK
Case No.: C 09-00750 CRB