IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. McINTOSH,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, JR. et al.,<br><br>    Respondents. | Case No. 09-cv-00750-CRB<br><br>**ORDER GRANTING CONTINUANCE** |

Presently before the Court is Petitioner's motion to compel the federal government ("Government") to produce reports and other documents the Government identified as responsive to this Court's March 1, 2016 Order. See Mot. to Compel (dkt. 248) at 1. In response, the Government filed a motion for summary denial, asking the Court to deny Petitioner's motion, or in the alternative, grant a 90-day continuance to allow the Government extra time to respond. See Mot. for Summary Denial (dkt. 250) at 1. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and now DENIES the Government's motion for summary denial, GRANTS a 14-day continuance, and DIRECTS the Government to show cause as to why the discovery materials should not be disclosed to Petitioner for use in state court.

## I. BACKGROUND

Petitioner was convicted on December 14, 1990, of paying Drax Quartermain to murder Petitioner's business associate, Ron Ewing, who had threatened to disclose the illegal business practices in Petitioner's hedge fund. See Government's Memorandum in Support of Return to Order to Show Cause (dkt. 248-1) at 7. On July 14, 2006, Petitioner filed a habeas corpus petition in the Superior Court of California, alleging that the State's

1   failure to produce documents about Quartermain's prior relationship with the State's main
2   witness, David Younge, deprived Petitioner of the opportunity to show the jury that
3   Younge was not a credible witness, in violation of Brady v. Maryland, 373 U.S. 83 (1963).
4   See Mot. for Indicative Ruling (dkt. 44) at 11–13, 15.  After multiple appeals, the matter
5   came before this Court for various discovery-related motions.  See Order Granting Motion
6   to Produce Discovery (dkt. 63) at 2–3.  One discovery motion related to an undercover FBI
7   operation in Philadelphia.  See Sealed Mot. and Decl. (dkt. 192).

8         On March 1, 2016, in response to Petitioner's Rule 60(b) motion, this Court found
9   that Petitioner showed good cause to acquire certain documents for his habeas petition and
10  ordered the Government to conduct a Brady review of the FBI files held in Philadelphia
11  relating to the "Limestone" investigation (a Mafia drug investigation and prosecution in
12  which Younge cooperated as a witness) and produce any Brady materials found.  See
13  Order Regarding Discovery Requests for Undercover Operation (dkt. 198) at 1–2.  On
14  June 27, 2016, the Government informed the Court that it had identified Brady materials
15  and will allow Petitioner's counsel to review the documents at FBI offices under the
16  protective order that the Court entered in 2015.  See Status Report by Eric H. Holder (dkt.
17  228) at 1–2.  On July 8, 2016, the Government allowed Petitioner's counsel to review
18  twenty-two pages of documents at the FBI offices, but refused to allow for copying of the
19  documents.  See Mot. to Compel ¶ 9.

20        The Court found that Petitioner's habeas claims contained at least one stand-alone
21  claim for relief under Brady that remained unexhausted.  Order (dkt. 241).  As a result, on
22  May 31, 2017, the Court stayed Petitioner's action in federal court to allow Petitioner to
23  exhaust his state-court remedies.  See Order Granting Motion to Stay Proceedings (dkt.
24  245) at 3.  Petitioner then filed a habeas corpus petition in the Superior Court of California
25  raising three claims.  See Mot. to Compel ¶ 11.  At issue here is Petitioner's third claim,
26  which alleges that the Government and the State provided benefits to Younge by
27  suppressing a San Rafael Police Department drug investigation of Younge and the Three
28  Klicks Out ("Bar").  See id. ¶ 15.

United States District Court
Northern District of California

1     On October 5, 2018, Petitioner filed the instant motion to compel production of the FBI reports that Petitioner's counsel reviewed on July 8, 2017, arguing that the documents are critical evidence for the trial in state court. See id. ¶ 18–19. The Government argued that it should not be compelled to produce the documents because (1) Petitioner was convicted by the State and the Government is not a party to the litigation pending in state court and (2) Petitioner has waited more than two years since the Government searched for the allegedly responsive documents. See Mot. for Summary Denial at 1. In the alternative, the Government asks for a 90-day extension to respond to Petitioner's motion to compel. See id.

## II. DISCUSSION

In its motion for summary denial, the Government does not address Petitioner's arguments that the requested documents are crucial for Petitioner's state habeas petition or explain why Petitioner should not be allowed to have copies of the FBI documents. See generally Mot. for Summary Denial. The Government also does not give any reasoning as to why it needs ninety days to file its response besides explaining that the previous counsel has retired and a new Assistant United States Attorney must take on the case. See generally id.

### A. Motion for Summary Denial

The Government requests that the Court deny Petitioner's motion to compel because the Government is not a party to the state court litigation and because Petitioner has waited two years after reviewing the FBI documents to file a motion to compel. Mot. for Summary Denial at 1. However, the Government does not explain why these facts are sufficient to justify denying Petitioner's motion to compel.

The Government first argues that the motion should not be directed at the Government because the State, not the Government, convicted Petitioner. See id. at 1. However, the Court has previously ordered the Government to produce documents and the Government has complied with its orders. See Discovery Order (dkts. 187 and 190). The Government's involvement in this case is the same as its involvement two years ago.

3

Additionally, the Government claims that Petitioner has not taken any steps to obtain the documents in over two years. See id. at 2. However, the Government fails to explain why this two-year period would make Petitioner's claims untimely or subject to summary denial.[1] Indeed, the Court granted Petitioner's request to use the previously produced documents if it might "support his claims that the government . . . covered up start witness David Younge's alleged perjury." See Order Granting Motion to Stay and Abey Proceedings at 1 n.1 (citing Cullen v. Pinholster, 570 U.S. 170, 206 (2013) (Breyer, J., concurring) (noting that a petitioner "can always return to state court presenting new evidence not previously presented")). This should have given the Government sufficient notice that the documents produced in this Court may be used in the state court proceedings.

The Government's motion for summary denial does not sufficiently explain why Petitioner should not be given the information he has requested. Accordingly, the Court denies the Government's motion for summary denial of Petitioner's motion to compel.

### B. Ninety Day Continuance

The Court has the discretion to grant or deny continuances. Torres v. United States, 270 F.2d 252, 253–55 (9th Cir. 1959). In deciding whether to grant a continuance, courts tend to look at (1) the party's diligence in its effort to be ready; (2) the usefulness of the continuance; (3) the inconvenience of the continuance; and (4) the prejudice that might be suffered as a result of the continuance. United States v. Mejia, 69 F.3d 309, 314 (9th Cir. 1995) (citation omitted). The Government gives no explanation for what the new Assistant United States Attorney has already done to become familiar with the case or why the new Assistant United States Attorney requires an additional ninety days get up to speed on the case. See generally Mot. for Summary Denial. While the Government should be given the

---

[1] Even though it has been two years since Petitioner's counsel first viewed the documents, Petitioner is currently in the process of preparing for an evidentiary hearing in state court. See Reply at 3. It was only on December 13, 2017, when the State filed the Return claiming that the prosecution team knew nothing about the Bar or Younge's investment in the Bar, Reply at 2, that Petitioner realized the need for copies of the FBI documents, at which point he reached out to the Government, id. at 3.

4

opportunity to explain why it believes the documents should not be produced for the record in state court, Petitioner must not be severely inconvenienced or prejudiced by the continuance. As Petitioner and the State are currently litigating issues in state court, the ninety-day continuace that the Government requests could significantly inconvenience the state court, Petitioner, and the State. Thus, to balance the Government's and Petitioner's interests, the Court grants a 14-day continuance and directs the Government to respond within that time period.

III. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Summary Denial and GRANTS the Government a 14-day continuance to respond to Petitioner's Motion to Compel from the date of this order.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
CHARLES R. BREYER
United States District Judge